**UNITED STATES of America and Howard A. Brown, Special Agent, Internal Revenue Service, Petitioners,**

v.

**ANDERSON CLAYTON AND COMPANY et al., Respondents.**

**Civ. A. No. 73J–85.**

United States District Court, S. D. Mississippi, Jackson Division.

May 10, 1973.

Robert E. Hauberg, U. S. Atty., L. A. Smith, III, Asst. U. S. Atty., Jackson, Miss., for petitioners.

William G. Beanland, Vicksburg, Miss., for respondents.

WILLIAM HAROLD COX, District Judge.

A delegate of the Secretary of the Treasury on November 8, 1972 served a summons upon the respondents, returnable November 20, 1972 to produce in the office of Paymaster Oil Mill Company in Jackson, or Vicksburg, Mississippi certain designated records of the respondents relating to supplies of soybeans to Paymaster Oil Mill Company for the period January 1, 1970 to December 31, 1971. The authority for such summons of respondents' records relating to the tax liability of others is provided for by § 7601 and § 7602 of Title 26 United States Code.[1]

---

1. 26 U.S.C. (1964 ed.) § 7601. Canvass of districts for taxable persons and objects. (a) General rule.—The Secretary or his delegate shall, to the extent he deems it practicable, cause officers or employees of the Treasury Department to proceed, from time to time, through each internal revenue district and *inquire after and concerning all persons therein who may be liable to pay any internal revenue tax*, and all persons owning or having the care and management of any objects with respect to which any tax is imposed.

26 U.S.C. (1964 ed.) § 7602. Examination of books and witnesses. For the purpose of ascertaining the correctness of any return, making a return where none has been made, *determining the liability of any person for any internal revenue tax* or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the *Secretary or his delegate is authorized*—(1) *To examine any books, papers, records, or other data which may be relevant or material to such inquiry;* (2) *To*

The delegate of the Secretary at the time of the issuance and service of such summons did not have in mind any particular taxpayer whose records he desired to inspect and examine. His examination was exploratory in nature in search for taxpayers in Mississippi who supplied soybeans to the respondents whose records would show the compensation received therefor within said tax period. The respondents respectfully declined to accede to such examination of said records solely because the delegate did not have a particular taxpayer in mind in making such investigation. The investigation was not in contemplation of criminal action or in search for any records in support of any criminal action, but was and is a legitimate search and investigation by the Treasury Department for information relating to the tax liability of all farmers in Mississippi who sold soybeans to the respondents within the two year period stated. There is some divergence of opinion on this question, but this Court is firmly of the opinion and conviction that the statute means and intends exactly what it says. The *italicized* portion of § 7601 in footnote 1 empowers the delegate to make such investigation to determine the liability of *all persons* who may be liable to pay any internal revenue tax, and to examine *any* books, papers, records, or other data which may be relevant to such inquiry. The statute itself expressly authorizes the delegate to summons *"any* person having possession, custody, or care of books of account containing entries *relating to the business of the person liable for the tax * * * or any other person the Secretary or his delegate may deem proper."* A clearer answer to the question at bar would be difficult to conceive. The inquiry of the delegate is not accusatory but is investigatory in nature and in character. Those statutes are implemented by federal regulations having the force and effect of law which provide the purpose and objective of the departmental summons.[2] Nowhere in the act or any regulation having the force and effect of law is there to be found any requirement that the records sought to be examined must be records relating to the tax liability of any particular person. The investigation here relates to the tax liability of all persons who have sold soybeans to the respondents in Mississippi within the stated tax period. That summons must and shall be respected and obeyed. There will not be imposed at this time any sanctions for such disobedience to such process to date.

The respondents will be directed to make all such records available for inspection and copying at their office in Jackson, Mississippi at 9:00 A.M. on May 15, 1973, or as soon thereafter as is possible, unless otherwise agreed and contin-

*summon* the person liable for tax or required to perform the act, or any officer, or employee of such person, or *any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax* or required to perform the act, *or any other person the* Secretary or his *delegate may deem proper,* to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

2. 26 CFR § 301.7602–1(b) provides: "Summons. For the purposes described in paragraph (a) of this section the officers and employees of the Internal Revenue Service designated in paragraph (c) of this section are authorized to summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person deemed proper, to appear before ·a designated officer or employee of the Internal Revenue Service at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry."

ue to hold and keep such records available for inspection and copying by the petitioners until such investigation is terminated; and such investigation shall continue from day to day without interruption until all such records desired to be examined have been examined and copied, if desired.

A judgment to such effect shall be presented immediately. There will be no imposition of costs at this time.